UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

CLYDE BENNETT MILLS

CRIMINAL ACTION

NO. 08-78-JJB

## **RULING AND ORDER ON MOTION TO VACATE SENTENCE**

Before the Court is defendant Clyde Bennett Mills's motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 67). The United States concedes Mill's motion has merit. (Doc. 74). Oral argument is unnecessary. For the following reasons, the Court VACATES Mills's sentence.

I.

On March 23, 2009, Mills pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Docs. 24-25). The late Honorable Ralph Tyson of this Court sentenced him to 5 years probation. (Doc. 48). However, Mills violated the terms of his supervision, and on September 12, 2011, he pled guilty to violating a condition of his probation, namely, committing another crime by admitting to using cocaine and illegally using prescription drugs. (Docs. 63-64; *see also* Transcript of Revocation Hearing, Doc. 66, at 3-4). The Court revoked his supervised release and sentenced him. (*Id.*). The recommended sentencing range under the Sentencing Guidelines was 8-14 months, but the Court imposed a sentence of 36 months, based exclusively on the Court's desire for Mills to become eligible for substance abuse programs offered by the Bureau of Prisons. (Revocation Transcript, Doc. 66, at 14-16). Mills filed this motion to vacate on January 28, 2012. (Doc. 67).

II.

Federal law authorizes collateral attack on federally-imposed criminal sentences in certain limited circumstances. 28 U.S.C. § 2255(a). If, after reviewing a properly-filed petition, a court determines that "the sentence imposed was not authorized by law[,] ... the court shall vacate and set the judgment aside and ... resentence him ... or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c).

When a court issues a sentence following a judgment of guilt for a statutory crime, it must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, but in no event may a court impose a sentence for the purpose of "promoting correction and rehabilitation." 18 U.S.C. § 3582(a); *see also Tapia v. United States*, --- U.S. ----, 131 S.Ct. 2382, 2391 (2011) (holding that Section 3582(a) "prevents a sentencing court from imposing or lengthening a prison term because the court thinks an offender will benefit from a prison treatment program").

Authority from the Fifth Circuit, at the time of revocation, had permitted a sentencing court to "consider a defendant's need for drug rehabilitation when revoking a term of supervised release and converting it into prison time." *United States v. Breland*, 647 F.3d 284, 291 (5th Cir. 2011), *vacated by Breland v. United States*, 132 S.Ct. 1096 (2012); *see also United States v. Garcia*, No. 11-10287, 2011 WL 5331597 (5th Cir. Nov. 7, 2011). *Breland* distinguished *Tapia* based on the plain language of 18 U.S.C. §§ 3583(e) and (g), which govern post-revocation proceedings and appear to permit consideration of rehabilitative needs. 647 F.3d at 285.

However, the Supreme Court vacated the Fifth Circuit's decision in *Breland* and remanded for consideration of the United States's position asserted by the Solicitor General.

2

*Breland v. United States*, 132 S.Ct. 1096 (2012). On remand, the Fifth Circuit recognized the government's position that Section 3582(a), as construed in *Tapia*, precludes a court in a revocation proceeding from lengthening the time a defendant must serve in prison based on rehabilitative needs. *United States v. Breland*, No. 10-60610, 2012 WL 687854, at *1 (5th Cir. March 5, 2012); *see also* Solicitor General's Brief, *available at* 2011 WL 7051682. The Fifth Circuit therefore remanded to the district court to resentence Breland based on the new understanding that rehabilitation could not be taken into account even in a revocation proceeding. *Id.*

In the wake of *Tapia* and *Breland*, the Court concludes Mills's sentence cannot stand. The revocation hearing transcript demonstrates this Court used rehabilitation needs alone in justifying the upward departure in Mills's sentence.

IV.

Accordingly, it is ORDERED that Mills's previous sentence of 36 months is hereby VACATED. The re-sentencing hearing will be scheduled according to further order of the Court.

Signed in Baton Rouge, Louisiana, on April 12, 2012.

JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA